# IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

**IN RE:**

**WALLYS VARGAS CRUZ**

**Debtor(s)**

**WALLYS VARGAS CRUZ**

**Plaintiff**

**vs.**

**CRESCA CORPORATION**

**Defendant(s)**

**CASE NO.  13-09088**

**Chapter   13**

**Adversary No. 14-00079**

**FILED & ENTERED ON 12/12/2014**

## OPINION AND ORDER

In a pair of watershed cases — Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) — the Supreme Court retreated from the historic pleading standard that it had previously established in Conley v. Gibson, 355 U.S. 41, 45-48 (1957), and replaced that standard with a standard centered on plausibility. This plausibility standard has become the "new normal" in federal civil practice. A.G. v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013).

The complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); see also Grajales v. Puerto Rico Ports Auth., 682 F.3d 40, 44 (1st Cir. 2012). Dismissal of a complaint is inappropriate if the complaint satisfies this

Rule 8(a)(2)'s requirement. Ocasio–Hernandez v. Fortuno–Burset, 640 F.3d 1, 11 (1st Cir.2011). In order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Katz v. Pershing, LLC, 672 F .3d 64, 72–73 (1st Cir.2012) (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable...." Ashcroft v. Iqbal, at 678, 129 S.Ct. 1937, 1949. A well-pleaded complaint may survive a motion to dismiss even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely. Twombly, 550 U.S. at 556, 127 S.Ct. 1955. On a motion to dismiss, however, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). Thus, a plaintiff is not entitled to proceed perforce by virtue of allegations that merely parrot the elements of the cause of action. Ocasio–Hernandez v. Fortuno–Burset, 640 F.3d, at 12 (citing Twombly, 550 U.S. at 555, 127 S.Ct.1955) (internal citations omitted).

The Defendant's Motion to Dismiss [Dkt. No. 10] argues the dismissal standard of Rule 12(b)(6), made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 7012, by stating that the Complaint falls short of the standards for filing a claim and seeking damages under the Fair Debt Collection Practices Act ("FDCPA"). Defendant buttresses their argument by providing a recital of facts, cites to the pertinent sections of the FDCPA, and attaches a document of questionable admissibility. In short, a full throttle defense of Plaintiff's allegations. The Defendant's arguments however are misplaced at this stage of the proceedings.

In resolving a motion to dismiss the court must determine whether the factual content allows a reasonable inference that the defendant is liable for the alleged misconduct. The complaint must contain sufficient factual matter to state a plausible claim. Grajales, 682 F.3d at 44. The Plaintiff in this case has met this burden. Moreover, "[t]he prima facie standard is an evidentiary standard, not a pleading standard, and there is no need to set forth a detailed evidentiary proffer in a complaint." Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 54 (1st Cir. 2013). Therefore, the Defendant's Motion to Dismiss is DENIED. The Defendant shall file an answer to the Complaint within twenty-one (21) days.

SO ORDERED

San Juan, Puerto Rico, this 12th day of December, 2014.

Brian K. Tester
U.S. Bankruptcy Judge